# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICKEY BENSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:23-cv-02584-SHL-atc |
| FLOYD BONNER, JR., | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR DISCOVERY, DENYING PETITION PURSUANT TO 28 U.S.C. § 2241, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition for Petition [sic] for a Writ of Habeas Corpus Form Under 28 U.S.C. Section 2241 ("§ 2241 Petition") (ECF No. 1), and the Motions of Discovery to Support Document: 1, to Enjoin Crossclaim and Additional Respondents, and for Court to Order Additional Respondents to Release and Compensate Petitioner for Violations of Constitutional Rights Under the 4th and 14th Amendments ("Motion for Discovery") (ECF No. 5), filed by Petitioner Rickey Benson, booking number 23108076, a pretrial detainee at the Shelby County Jail in Memphis, Tennessee (ECF No. 1). For the reasons stated below, the Court **DENIES** the Motion for Discovery and **DENIES** the § 2241 Petition.

## I. BACKGROUND

### A. State Court Procedural History

Benson's § 2241 Petition arises from a case pending in the Criminal Court for Shelby County, Tennessee. On June 27, 2023, Benson was arrested for burglary of a building.[1] According to the Affidavit of Complaint, police officers responded to the activation of a burglar alarm at Gordin's Butcher Shoppe in Memphis, Tennessee. *Id.* Upon arriving, officers "observed the front door glass broken out, and a brick on the sidewalk outside the front door." *Id.* Benson was found inside the store with a trash bag containing meat and other food products that were Gordin's Butcher Shoppe's property. *Id.*

On July 5, 2023, a public defender was assigned to represent Benson.[2] A mental evaluation was ordered on August 11, 2023. *Id.* On September 19, 2023, the General Sessions Court judge found probable cause to hold Benson until the issuance of an indictment. *Id.*

### B. Benson's § 2241 Petition and Motion for Discovery

On September 14, 2023, Benson filed his *pro se* § 2241 Petition, in which he alleged, with no factual detail, that his "civil and constitutional rights has [sic] been violated by the court and

---

[1] Shelby County Criminal Justice System Portal, https://cjs.shelbycountytn.gov/CJS/DocumentViewer/Index/24C1DB977F1D22ABEA98211E3577E32D26CFAC0EA473B05656052118F8EF6DA8FDA87B6FD4EC9B2C60C707CC6A0405725C739F7183DAE650904B862D39CF8EE34938822A2694262109BB5843558FA868?caseNum=23009936&docType=Affidavits%20of%20Complaint&docName=Affidavit&eventName=Affidavit&docTypeId=153&isVersionId=False&p=0 (last visited Nov. 22, 2023). The Affidavit of Complaint describing Benson's case is found on the Shelby County Criminal Justice System Portal: https://cjs.shelbycountytn.gov. The case number is 23009936.

[2] Shelby County Criminal Justice System Portal, https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0#OtherEvents (last visited Nov. 22, 2023). The Events and Hearings tab on Benson's Case Information page on the Shelby County Criminal Justice System Portal denotes the relevant dates for Benson's case.

2

jail officials." (ECF No. 1 at PageID 1.) The Clerk shall record the respondent as Shelby County Sheriff Floyd Bonner, Jr.

In his Motion for Discovery, Benson avers that his mental evaluation was completed on July 18, 2023. (ECF No. 5 at PageID 7.) He then states that he was deprived of court dates on August 11, 2023, and September 8, 2023. (*Id.*) At the preliminary hearing on September 19, 2023, the State did not have "pictures/videos of [Benson] as the suspect of the burglary." (*Id.*) According to Benson, officers lied under oath about body cameras. (*Id.*) Benson ultimately seeks his release from custody and money damages. (*Id.*)

Because the § 2241 Petition is dismissed for the reasons stated below, the Motion for Discovery is **DENIED** as moot.

## II. ANALYSIS

This Court is authorized to issue a writ of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For the reasons that follow, Benson is not entitled to relief.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Likewise, the Rules Governing Section 2254 Cases in the United States District Courts provides that a habeas petition must "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 rule 2(c)(1)–(2) (Rules Governing Section 2254 Cases in the United States District Courts).[3] The § 2241 Petition does not satisfy those

---

[3] These rules are applicable to habeas petitions under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2254 rule 1(b) (Rules Governing Section 2254 Cases in the United States District Courts) ("The

3

requirements. It contains no claims and supporting facts. For that reason alone, Benson's § 2241 Petition must be dismissed.

Even if the Motion for Discovery was construed as a substantive amendment to the § 2241 Petition, Benson still would not be entitled to relief. Except in extraordinary circumstances, which are not present here, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. "Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation to the deference accorded to the state criminal process." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). "The Sixth Circuit has only recognized three such exceptional circumstances: (1) when the petitioner seeks a speedy trial; (2) when the petitioner seeks to avoid a second trial on the basis that it would violate the

---

district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

Double Jeopardy Clause; and (3) when the petitioner seeks to challenge the state's attempt to retry him rather than allow him to accept an initial plea offer originally rejected due to ineffective assistance of counsel." *Simpson v. Jones*, Civil Action No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *3 (E.D. Ky. July 16, 2012) (citations omitted), *report and recommendation adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012).  Federal courts are not authorized to conduct "an ongoing federal audit of state criminal proceedings." *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974).

The Court also lacks the power to order that the criminal charges be dismissed.  Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  "The Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language . . . ."  *Andreano v. City of Westlake*, 136 F. App'x 865, 879–80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).  No exception to the Act is applicable here.  See *Mitchum v. Foster*, 407 U.S. 225, 233–38 (1972).

* * * *

Because it appears from the application that Benson is not entitled to a writ of habeas corpus, the Court will not issue an order for Respondent to show cause why the writ should not be granted.  *See* 28 U.S.C. §§ 2243, 2254 rule 4 (Rules Governing Section 2254 Cases in the United States District Courts).  The § 2241 Petition is **DENIED**.  Judgment shall be entered for Respondent.

### III.  APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2241 petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001). The COA must indicate the specific issue or issues that satisfy the showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2)–(3). No § 2241 petitioner may appeal without this COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a

certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

In this case, there is no doubt that the § 2241 Petition is meritless for the reasons previously stated. Because any appeal by Petitioner on the issue raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking to appeal *in forma pauperis* must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner may file a motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED**, this 6th day of December, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days after service of this Order. *See* Fed. R. App. P. 24(a)(5).