IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICKEY BENSON, ) | |
|  ) | |
|  Petitioner, ) | |
|  ) | |
| v. ) | Case No. 2:23-cv-02584-SHL-atc |
|  ) | |
| FLOYD BONNER, ) | |
|  ) | |
|  Respondent. ) | |

**ORDER DENYING PETITIONER'S MOTIONS (ECF NOS. 9, 10, 11, 13 & 15) WITH PREJUDICE**

Petitioner Rickey Benson ("Petitioner" or "Benson") filed a Petition Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") on September 14, 2023.[1] (ECF No. 1.) Before the Court are five motions that Benson filed after this Court denied the § 2241 Petition and entered judgment on December 6, 2023. (*See* ECF No. 7 ("December 6 Order"); ECF No. 8.) Benson styled his post-Judgment motions ("Five Pending Motions") as:

(1) "Motion For Court Intervention To Eliminate Further Violations Under The FRCP" (ECF No. 9), filed January 8, 2024;

(2) "Motion To Enjoin 10th Crossclaim Relief To Support Document:1 Under The FRCP" (ECF No. 10), filed January 8, 2024;

(3) "Motion To Enjoin 9th Crossclaim / Relief To Support Document:1 Under The FRCP" (ECF No. 11), filed January 8, 2024;

---

[1] When Benson filed the § 2241 Petition, he was confined at the Shelby County Jail ("SCJ"), in Memphis, Tennessee. (*See* ECF No. 1-1 at PageID 2.) Benson is presently assigned to the Probation and Parole Office in Memphis, Tennessee, under Tennessee Department of Correction ("TDOC") identification number 00241219.

(4) "Motion For Relief From Order Denying Motion For Discovery, Etc. And Judgment Entered:12-06-23, Pursuant To FRCP 60" (ECF No. 13), filed January 9, 2024; and

(5) "Motion Of Crossclaim And Additional Defendant (U.S. Dist. Judge Samuel H. Mays, Jr.) Under The FRCP" (ECF No. 15), filed January 22, 2024.

For the reasons explained below, the Five Pending Motions (ECF Nos. 9-11, 13 & 15) are **DENIED WITH PREJUDICE**.

### I.   BACKGROUND

In the § 2241 Petition, Benson alleged, without factual detail, that his "civil and constitutional rights has [sic] been violated by the court and jail officials." (ECF No. 1 at PageID 1; *see also* ECF No. 7 at PageID 13.)  On December 6, 2023, the Court entered an Order: (1) denying Benson's Motion For Discovery (ECF No. 5); (2) denying the § 2241 Petition; (3) denying a certificate of appealability; (4) certifying that an appeal would not be taken in good faith; and (5) denying leave to proceed *in forma pauperis* on appeal.  (ECF No. 7.)  The Court denied the § 2241 Petition because: (1) it contained no claims or supporting facts, and therefore it did not satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2) or Rule 2(c)(1)–(2) of the Rules Governing Section 2254 Cases in the United States District Courts (ECF No. 7 at PageID 14–15); (2) the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution (*id*. at PageID 15–16); and (3) pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court lacks the power to order the dismissal of state criminal charges (*id*. at PageID 16).  The Court also entered judgment on December 6, 2023.  (ECF No. 8.)

### II.   ANALYSIS

The Five Pending Motions do not request reconsideration of the December 6 Order or the claims raised in the § 2241 Petition.  Instead, they seek to raise the following new claims that were not asserted in the § 2241 Petition:

2

(1) claim of deprivation of medical care (ECF No. 9 at PageID 20 ("Medical Care Claim"));

(2) claims seeking $100,000 for tainted food at the SCJ, sporadic denial of plumbing service in Benson's cell, one-day deprivation of Benson's dinner and medication, and a "plot" involving Benson's hernia (ECF No. 10 at PageID 22 ("Conditions of Confinement Claims"));

(3) a claim seeking "two thousand dollars ($200,000.00) [sic]" because SCJ personnel photocopied Benson's "motions for complaints of judicial misconduct forms" in a "disorganized" and "disformed [sic]" manner in order "to confuse me and the court … which constitutes retaliation to continue to cause my hernia to kill me and generally depriving me of my constitutional rights of access to the courts." (ECF No. 11 at PageID 24 ("Access to the Courts Claim"));

(4) claims that (a) the SCJ's "healthcare staff [is] plotting to cause my hernia to kill me" and (b) "Chief Judge Lipman retaliated and caused an injustice to my cases 23-2510 and 23-2584 in a conspiracy with the defendants to cause my hernia to kill me" (ECF No. 13 at PageID 29 ("Retaliation Claim")); and

(5) a claim of "a plot [between] the defendants and Chief Judge SHL … to cause my hernia to kill me[,] … constitut[ing] imminent danger of serious physical injury." (ECF No. 15 at PageID 33 ("Imminent Danger Allegation").)

Under federal law, a prisoner has "two main avenues to relief" for imprisonment-related complaints: a habeas corpus petition and a civil rights complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The first avenue, a habeas petition, is appropriate for challenges to the *validity* or *duration* of the inmate's confinement. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Swafford v. Corr. Corp. of Am., Inc.*, No. 1:08-cv-202, 2008 WL 4646086, at *1 (E.D. Tenn. Oct. 17, 2008) ("However, habeas is not available to review questions unrelated to the cause of detention. The sole function for a habeas action is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.") (internal citation and quotation marks omitted). The second avenue, a civil rights complaint, is appropriate for challenges to the *circumstances* of an inmate's

3

confinement. *Id.* Claims challenging the conditions of confinement may be asserted through a § 1983 cause of action. *Swafford*, 2008 WL 4646086, at *1.

Benson's Five Pending Motions do not challenge the validity or duration of his sentence or the fact or duration of his detention at the SCJ. Benson, rather, challenges the conditions of his confinement at the SCJ. However, "a federal court's authority in a habeas proceeding ... extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement." *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). Habeas corpus relief is not available to prisoners who, like Benson, complain only about the conditions of their legal incarceration. *See Hodges*, 170 F. App'x at 392.

Each of Benson's claims challenge the conditions of his confinement, not the validity or duration of his confinement. His Medical Care Claim disputes the "change[] [of] my H[eart] B[lood] P[ressure] medication to metoprolol 50mg" and "outside medical care for my hernia." (ECF No. 9 at PageID 20.) The Conditions of Confinement Claims raise challenges to (a) food allegedly tainted with "cleaning chemicals and drugs during breakfast and lunch," (b) intermittent deprivation of sink and toilet water in Benson's cell, (c) deprivation of his dinner and blood pressure medication on December 16, 2023, and (d) "a plot to continue to cause my hernia to kill me." (ECF No. 10 at PageID 22.) His Access to the Courts Claim seeks compensatory damages for "confus[ion]" from SCJ personnel's manner of photocopying Benson's legal documents. (ECF No. 11 at PageID 24.) None of these claims are cognizable as part of a § 2241 petition, although relief may be sought in a § 1983 action. *See Swafford*, 2008 WL 4646086, at *1.

Benson's Retaliation Claim also has nothing to do with the execution or calculation of his sentence or with a claim for early release from incarceration. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (the habeas corpus remedy is for challenges to the fact or duration of confinement)

4

(citing *Preiser*, 411 U.S. at 488–90). In fact, Benson alleged an identical claim of retaliation in *Benson v. Chief United States District Judge Sheryl H. Lipman* (No. 2:24-cv-2021, ECF No. 1 at PageID 1). On April 9, 2024, the complaint in No. 24-2021 was dismissed pursuant to 28 U.S.C. § 1915(g) because Benson, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. ("PLRA"), may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is in imminent danger of serious physical injury, and he failed in No. 24-2021 to meet that prerequisite. (*See* No. 24-2021, ECF No. 6 at PageID 13–14.)

Lastly, the Imminent Danger Allegation's claim of "imminent danger of serious physical injury" (ECF No. 15 at PageID 33), is misplaced in this habeas action. The statutory language in 28 U.S.C. § 1915(g) about *in forma pauperis* status for three-strike filers does not give rise to a federal habeas claim. Benson cannot avoid paying the § 1983 civil filing fee by seeking to re-file his previously dismissed civil rights claims from No. 24-2021 as habeas claims in this action. His attempt to do so in the Five Pending Motions is not well taken.

### III. CONCLUSION

The Five Pending Motions (ECF Nos. 9–11, 13 & 15) are **DISMISSED WITH PREJUDICE** because these claims are not the proper subject of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED**, this 18th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE